UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRN ROOFING, INC., a/a/o Thomas Falkie

    Plaintiff,

v.                                                    Case No.:   2:20-cv-341-FtM-38MRM

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff PRN Roofing, Inc.'s Motion for Remand (Doc. 4), Defendant Federal Insurance Company (FIC)'s response (Doc. 11), and PRN's reply (Doc. 17).

FIC insured Thomas Falkie's home when it was damaged by Hurricane Irma. Falkie notified FIC of his claim, hired PRN to make repairs, and assigned certain policy benefits to PRN. FIC failed to pay for the repairs, and PRN sued in state court, alleging damage in excess of $30,000. FIC removed the case to this Court based on diversity jurisdiction. FIC established a jurisdictional amount in controversy by attaching PRN's estimate for repairs totaling $104,767.55. PRN moved to remand because the insurance policy's hurricane deductible is $69,600.00, making the demand reflected in PRN's estimate $35,167.55. FIC did not offer any additional evidence of the amount in controversy.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

As the removing defendants, FIC bears the burden of proving federal jurisdiction, and any doubts should be resolved in favor of remand. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Since PRN did not plead a specific amount of damages, FIC "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). PRN successfully rebutted FIC's only evidence of a jurisdictional amount in controversy. FIC argues remand should be contingent on PRN stipulating that damages will not exceed $75,000, something PRN refused to do. But "a refusal to stipulate standing alone does not satisfy [a defendant]'s burden of proof on the jurisdictional issue." *Id.* at 1320. FIC failed to prove the jurisdictional amount in controversy by a preponderance of the evidence, so remand is proper.

Accordingly, it is now

**ORDERED:**

Plaintiff PRN Roofing, Inc.'s Motion for Remand (Doc. 4) is **GRANTED**.

(1) This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(2) The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record